UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE, et al.,<br><br>　　　　　Defendants. | Case No.  1:25-cv-00422-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on April 10, 2025.  Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.　　Screening Requirement and Standard**

　　　　The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**I.     Summary of Plaintiff's Allegations**

Plaintiff names Farmers Insurance, Joshua Fowler, Jose Cesar, Corey Brown, and Renee Ballot as defendants. Plaintiff utilized this Court's complaint form to prepare her complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question. (Doc. 1 at 3.) Plaintiff does not identify any specific federal statutes, federal treaties, and/or provision of the United States Constitution that are at issue. (*Id.* at 4.) In the statement of claim section of the form, Plaintiff alleges: "Purposeful [illegible] Claim & having friends to commit fraudlent acts to file claims Fake cops and Indivduals getting on Claim paid actors. Fraudulent." (*Id.* at 5.) In the relief section of the form, Plaintiff states: "Injuries & monetary." (*Id.* at 6.)

**II.    Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a plain statement of her claims. While short, Plaintiff does not clearly state what happened, when and where the events happened, or who was involved. Plaintiff also fails to link any of defendant to her allegations. Indeed, there are no specific allegations as to any of the individually named defendants. The complaint does not contain sufficient factual matter to state a claim for relief. The Court therefore finds that Plaintiff's complaint fails to comply with Rule 8.

### B.  Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. The complaint fails to adequately allege this Court's subject matter jurisdiction. Although Plaintiff lists the basis of this Court's jurisdiction as federal question, the Court will assess both diversity jurisdiction and federal question jurisdiction.

#### 1.  Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Here, the complaint does not provide a specific dollar amount, nor does it allege the citizenship of any party. Thus, on its face, Plaintiff's complaint fails to establish this Court's diversity jurisdiction.

3

**2. Federal Question**

Plaintiff asserts that the basis of this Court's jurisdiction is federal question. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States upon which relief in this civil action may be premised. Plaintiff does not cite any constitutional provision that would be applicable to the allegations in her complaint. Plaintiff also does not cite or otherwise reference any federal laws to establish federal question jurisdiction. While unclear, Plaintiff may be attempting to pursue a state law claims, making a vague reference to having "friends . . . commit fraudlent [sic] acts to file claims." (Doc. 1 at 6.) Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff cannot pursue such claims in this Court without first stating a cognizable claim under federal law. *See* 28 U.S.C. § 1367. Plaintiff has not stated any cognizable federal claim over which this Court may assert federal question jurisdiction under 28 U.S.C. § 1331.

**C. Leave to Amend**

When dismissing a complaint, the Ninth Circuit has consistently held that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation omitted). Granting Plaintiff leave to amend in this action would be futile considering Plaintiff's history of deficient filings and repeated advisement by the Court of the very same pleading and legal requirements stated in this order. *See Smith v. Fittness*, No.

1:24-CV-01561-SAB, 2025 WL 278023, at *4 (E.D. Cal. Jan. 23, 2025) (collecting twelve cases filed by Plaintiff in this Court advising her of the Rule 8 standard and/or subject matter jurisdiction requirements). Plaintiff is therefore well aware that any complaint must contain sufficient facts showing she entitled to relief and that she must establish that the Court has subject matter jurisdiction over this action. Given Plaintiff's failure to comply with Rule 8 or to establish this Court's jurisdiction, the Court finds that allowing for further amendment of the complaint would be futile. The Court will therefore recommend that this action be dismissed without leave to amend.

### III.   Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2025**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE